**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND, INDIANA**

| | |
|---|---|
| **JESSICA HERRON** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Cause No.: 2:21-cv-205** |
| **v.** | ) |
| | ) |
| **GRAND CANYON UNIVERSITY** | ) |
| | ) |
| **Defendant,** | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, name-above, complains of act and omissions by the Defendant. In support of her Complaint and as cause of action against the Defendant, Plaintiff respectfully submits the following:

**JURISDICTION**

1. This suit is authorized and instituted pursuant to Title VII 42 U.S.C. § 2000e. and 42 U.S.C. § 1981 as amended by the Civil Rights Act OF 1991; Americans With Disabilities Act, 42 U.S.C.A. § 2000e-5, 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff fled a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice to sue on March 30, 2021.

**PARTIES**

3. Plaintiff is an African-American female and at all relevant times she resided in the Southern District of Indiana.

4. Defendant is a corporation doing business in the State of Indiana in the Southern District of Indiana.

**FACTS**

5. Plaintiff began working for the Defendant as a University Development Counselor on November 4, 2019.

6. Plaintiff suffers from a disability.

7. Plaintiff performed her job well.

8. Plaintiff's supervisor frequently made inappropriate and offensive comments about Plaintiff's race including, but not limited to: changing the radio station to hip hop/R&B music when Plaintiff got into the vehicle during a work trip and stating 'I think this will be more appropriate for you'; pointing out and making comments about the names of students in the predominantly African-American areas Plaintiff was assigned to work in, including questioning why a parent would name their child a certain name and stating that the child would have a hard time if given a name like that; and using a less professional tone when speaking with Plaintiff, including using slang greetings such as "Wassup?" and "What it do?" when conversing with her.

9. Plaintiff's supervisor shared his opinions and concerns about racial protests occurring during the summer of 2020 in Louisville, KY and permitted team members to discuss their political opinions during a team call.

10. In October of 2020, Plaintiff discussed with her supervisor that she was feeling ill, that she needed to go to urgent care, and that her workload was affecting her health.

11. Plaintiff's supervisor stated he would document her claims, and that he would notify HR. Plaintiff's supervisor also stated that he would work to reduce her workload and speak with the director at the time regarding her concerns and declining health.

12. However, Defendant took no further action.

13. On November 16, 2020, Plaintiff submitted her two-week resignation notice to her supervisor, and he advised her again that he would speak with HR to evaluate how her concerns about her position and work conditions could be addressed.

14. On November 17, 2020, Plaintiff was terminated.

15. Similarly situated individuals outside of Plaintiff's protected classes have engaged in more serious conduct and they were not terminated.

16. Plaintiff was terminated due to her race.

17. Plaintiff was terminated due to her disability.

18. Plaintiff was retaliated against for engaging in protected activity.

19. Defendant failed provide a reasonable accommodation.

20. Defendant failed engage in the interactive process.

**COUNT I**

21. Plaintiff incorporates by reference paragraphs 1-20.

22. Defendant, as a result of terminating Plaintiff due to her race, violated 42 U.S.C. § 1981.

**COUNT II**

23. Plaintiff incorporates by reference paragraphs 1-20.

24. Defendant, as a result of terminating Plaintiff due to her race, violated Title VII 42 U.S.C. § 2000 et al.

**COUNT III**

25. Plaintiff incorporates by reference paragraphs 1-120.

26. Defendant, as a result of terminating Plaintiff due to her disability, violated Americans With Disabilities Act, 42 U.S.C.A. § 2000e-5.

**COUNT IV**

27. Plaintiff incorporates by reference paragraphs 1-19.

28. Defendant, as a result of retaliating against Plaintiff due for engaging in protected activity, violated Americans With Disabilities Act, 42 U.S.C.A. § 2000e-5.

**COUNT V**

1. Plaintiff incorporates by reference paragraphs 1-19.
2. Defendant, as a result of failing to pay Plaintiff equal pay for equal work, violated Fair Labor Standards Act of 1938, § 6(d)(1), as amended, 29 U.S.C.A. § 206(d)(1)..

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Award Plaintiff back pay and benefits lost;

B. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

C. Award Plaintiff punitive damages;

D. Award Plaintiff his cost in this action and reasonable attorney fees;

E. Grant Plaintiff any other relief which is allowable under the circumstances of this case.

Respectfully Submitted

s//Amber K. Boyd

Amber K. Boyd 31235-49

Attorney for Plaintiff

**REQUEST FOR JURY TRIAL**

Comes now the Plaintiff and requests that this cause be tried by a jury.

Respectfully Submitted

s//Amber K. Boyd

Amber K. Boyd 31235-49
Attorney for Plaintiff

Amber K. Boyd 31235-49
Amber K. Boyd Attorney at Law
8510 Evergreen Avenue
Indianapolis, in 46240
(317) 210-3416